IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| BRANDON M. LEEK, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | Case No. 19-CV-00758-SMY |
| SHERIFF, *Jackson County, Illinois*, | ) |  |
| Respondent. | ) |  |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Brandon M. Leek has filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 seeking an order of release from state custody. Leek has a pending criminal charge in Union County Case No. 2019-CF-99 for which he was detained in the Jackson County Jail. (Doc. 1, p. 2). He challenges the validity of his arrest due to a lack of probable cause and an unlawful search and seizure. (*Id.*). He asserts that his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments have been violated. (*Id.*).

This matter is now before the Court for preliminary review of the Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the Rules to other habeas corpus cases, such as those under § 2241.

At the time he filed the habeas Petition, Leek was a pretrial detainee being held in the Jackson County Jail. He has notified that Court that he is currently an inmate in the Illinois

1

Department of Corrections (IDOC) incarcerated at Hill Correctional Center. According to the IDOC website, Leek is incarcerated on convictions from criminal charges other than case no. 2019-CF-99. Due to this incarceration, his request to be released from the Jackson County Jail is moot. Because he also seeks to enjoin the state criminal proceedings, the Court will conduct the preliminary review.

**The Petition**

Leek makes the following allegations in the Petition: Leek was illegally seized at gunpoint and searched by Union County officers and they seized his vehicle without having probable cause. (*Id.*, p. 7). His *Miranda* waiver was not properly filled out because he did not initial the individual rights. (*Id.*, p. 6). He was distressed and intoxicated at the time. (*Id.*). He does not recall questioning. (*Id.*). He is being detained against his will for a crime he did not commit by a State's attorney abusing his prosecutorial powers willfully and maliciously. (*Id.*). In connection with these claims, Leek requests that the Court (1) look into this matter in detail; (2) hold all individuals involved accountable; and (3) enter an order granting his immediate release. (*Id.*, p. 8).

**Discussion**

Section 2241 allows a pretrial detainee to bring a habeas corpus petition, but this ability is limited by the policy of federal courts not to interfere with pending state criminal prosecutions except in special circumstances. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973); *Younger v. Harris*, 401 U.S. 37, 43 (1971); *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010); *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir.1991); *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). Under the abstention doctrine outlined in *Younger*, federal courts must abstain from interfering with pending state criminal proceedings so long as the

individual has the opportunity to raise his federal claims in state court and no exceptional circumstances exist. *Ollson v. Curran*, 328 F.App'x. 334, 335 (7th Cir. 2009) (citing *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007)). Exceptional circumstances have been found in instances where irreparable damage would occur, such as prosecutorial harassment and bad faith or speedy trial and double jeopardy claims, but only where the petitioner has first exhausted his available state court remedies. *Id.*; *Braden*, 410 U.S. at 489-92; *Younger*, 401 U.S. at 49, 91 S.Ct. 746; *Stroman Realty, Inc.*, 505 F.3d at 662; *Neville*, 611 F.2d at 675

Leek does not allege that he has been denied an opportunity to raise his constitutional claims in state court, nor does he indicate whether he has attempted to exhaust his remedies within the state courts. Further, Leek's claims related to an arrest without probable cause, unlawful search and seizure, and illegally obtained statements do not present exceptional circumstances. Rather, these issues are commonly litigated before and during trial in state criminal proceedings and remain viable through appeal.

To the extent Leek alleges the State's Attorney brought the criminal charge in bad faith, the Petition does not establish grounds for relief on that basis. A federal court may enjoin a pending state criminal proceeding on a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 54; *Arkebauer v. Kiley*, 985 F.2d 1351, 1358 (7th Cir. 1993). When an individual asserts bad faith prosecution as a *Younger* exception, he must allege specific facts to support an inference of bad faith. *Arkebauer*, 985 F.2d at 1358 *Id.* Here, the Petition contains no such specific allegations. Leek offers only a conclusory statement that the State's Attorney is abusing his prosecutorial powers willfully and maliciously in bringing the criminal charge. Further, he sets forth no facts showing a great and immediate irreparable injury and a threat to federally protected rights that cannot be remedied in

the state prosecution, which is required to enjoin the state criminal proceedings. *Younger*, 401 U.S. at 46.

For the foregoing reasons, the Petition does not present any basis for the Court to intervene in the pending state prosecution. Therefore, the Petition will be dismissed without prejudice to any future habeas petition that Leek may file.

Finally, to the extent Leek seeks to bring claims against individuals for violating his rights, a habeas petition is not the proper vehicle for pursuing these claims. *See* 28 U.S.C. § 2241(c)(3); *Glaus v. Anderson*, 408 F.3d 382, 386–87 (7th Cir. 2005); *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003). These claims must be raised, if at all, in a separate action pursuant to 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Plaintiff has a pending Section 1983 action in this Court, 19-cv-00711-SMY, raising these claims.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** without prejudice.

If Leek wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Leek does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed

pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Leek to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk of Court is directed to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED: September 11, 2019**

                                                                       s/ *Staci M. Yandle*_____
**Staci M. Yandle**
**United States District Judge**